IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

**v.**                 Case No. 92-20063-JWL

**Lealon Muldrow,**

   **Defendant.**

## MEMORANDUM & ORDER

On October 7, 1992, Lealon Muldrow was charged in a one-count indictment with possession of crack cocaine within 1000 feet of a school, with the intent to distribute. On February 24, 1993, Mr. Muldrow was convicted by a jury and on April 26, 1993, Mr. Muldrow was sentenced to a 360-month term of imprisonment. Mr. Muldrow appealed his conviction and the Tenth Circuit affirmed the conviction on March 25, 1994. *See United States v. Muldrow*, 19 F.3d 1332 (10th Cir. 1994).

On June 28, 2005, Mr. Muldrow filed a motion to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the Supreme Court's decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005). Based upon the claims asserted in that motion, the court issued an order notifying the parties of its intent to construe the motion as a motion for collateral relief pursuant to 28 U.S.C. § 2255. Thereafter, Mr. Muldrow withdrew his motion to modify in light of the court's construction of the motion.

Mr. Muldrow has now filed a motion to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(b)(2), again in light of the Supreme Court's decisions in *Blakely* and *Booker*. The motion is denied on the grounds that the court does not have jurisdiction to consider the merits of the motion. Subsection (b) of section 3582 is not a "vehicle for sentence modification." *See United States v. Stossel*, 348 F.3d 1320, 1321 (11th Cir. 2003). Rather, that section merely defines "final judgment." *See id.* at 1322 (citing *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993)). Section 3582(b), then, "does not grant jurisdiction to a district court to do anything, let alone correct an illegal sentence." *See id.* (quoting *Auman*, 8 F.3d at 1271); *accord United States v. Leonard*, 2005 WL 139183 (10th Cir. Jan. 24, 2005) (Section 3582(b) does not grant jurisdiction to a district court to review a sentence.).

To the extent the court is obligated to look beyond the label of Mr. Muldrow's motion to determine if it is cognizable under a different statutory framework, *see Andrews v. United States*, 373 U.S. 334, 338 (1963) (adjudication upon the underlying merits of claims is not hampered by reliance upon the titles petitioners put upon their documents), Mr. Muldrow is still not entitled to relief. The Tenth Circuit has expressly held that neither *Blakely* nor *Booker* applies to an initial § 2255 motion. *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) ("[W]e hold that *Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) ("Thus, like *Blakely*, *Booker* does not apply retroactively on collateral review, and

[petitioner's] claim may not be brought in this initial habeas review under 28 U.S.C. § 2255.").[1]

Neither is Mr. Muldrow entitled to relief under 18 U.S.C. § 3582(c). Subsection (1) of that section does not apply here, as the Director of the Bureau of Prisons has not filed a motion on Mr. Muldrow's behalf. *See United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005). Subsection (2) permits the modification of a sentence if, after sentencing, the Sentencing Commission lowers the sentencing range pursuant to 28 U.S.C. § 994(o). Mr. Muldrow, however, does not allege an amendment to the guidelines by the Sentencing Commission. Rather, he asserts that his sentence runs afoul of *Booker* and *Blakely*. Section 3582(c)(2), on its face, does not permit a reduction in sentence based on Supreme Court decisions that are unrelated to an actual amendment of the guidelines. *See Hayes v. United States*, 2005 WL 1523491, at *2 (7th Cir. June 29, 2005) (section 3582(c)(2) does not authorize an inmate to file a motion to reduce a sentence based on new case law such as *Booker*; proper way to challenge a sentence in such circumstances is through section 2255); *see also United States v. Clayton*, 389465, at *2 (10th Cir. Mar. 3, 2004) ("*Apprendi*-type claims cannot be brought under 18 U.S.C. § 3582(c)(2) for modification of a sentence, because they do not relate to a lowering of sentence ranges.").

Finally, the court considers, and rejects, the applicability of Rule 35 in this context. Rule 35 only allows sentence modification for correcting "arithmetical, technical, or other clear error"

---

[1] The court expressly is not construing Mr. Muldrow's motion as a motion under section 2255 in light of Mr. Muldrow's previous withdrawal. It makes this observation only to the extent Mr. Muldrow should claim the court erroneously failed to so construe it.

3

within 7 days after sentencing, or reducing a sentence for substantial assistance to the government. Fed. R. Crim. P. 35(a), (b).  Mr. Muldrow has filed his motion well after the 7-day limitation period and his claims do not involve substantial assistance.  *See Green*, 405 F.3d at 1184-85.

For the foregoing reasons, Mr. Muldrow's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT**  that Mr. Muldrow's motion to modify an imposed term of imprisonment (doc. 177) is denied.

**IT IS SO ORDERED** this 27TH day of October, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge