# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                     **Case No. 92-20063-JWL**

**Lealon Muldrow,**

      **Defendant.**

## MEMORANDUM & ORDER

On October 7, 1992, Lealon Muldrow was charged in a one-count indictment with possession of crack cocaine within 1000 feet of a school, with the intent to distribute. On February 24, 1993, Mr. Muldrow was convicted by a jury and on April 26, 1993, Mr. Muldrow was sentenced to a 360-month term of imprisonment. Mr. Muldrow appealed his conviction and the Tenth Circuit affirmed the conviction on March 25, 1994. *See United States v. Muldrow*, 19 F.3d 1332 (10th Cir. 1994).

On August 8, 2005, Mr. Muldrow filed a motion to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(b)(2) in light of the Supreme Court's decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005). On October 27, 2005, the court concluded that it did not have jurisdiction to consider the merits of the motion and, thus, denied the motion. *See United States v. Leonard*, 2005 WL 139183 (10th Cir. Jan. 24, 2005) (Section 3582(b) does not grant jurisdiction to a district court to review a sentence.). The court further concluded that Mr. Muldrow would not be entitled to

relief under § 2255, *see United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005), and that he would not be entitled to relief under 18 U.S.C. § 3582(c). Finally, the court considered, and rejected, the applicability of Rule 35.

Apparently, on or about November 14, 2005, Mr. Muldrow endeavored to file a notice of appeal from the court's October 27, 2005 order denying his motion to modify. On November 21, 2005, the United States Postal Service deemed Mr. Muldrow's mailing "not deliverable as addressed" and returned the mailing to Mr. Muldrow. Three months later, on February 21, 2006, Mr. Muldrow now moves to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). This rule, however, applies only to appeals in civil cases. While the court would look to Rule 4(a)(6) if Mr. Muldrow had filed a § 2255 motion and, thus, initiated a civil proceeding against the government, *see U.S. v. Simpson*, 1999 WL 770210, at *2 (10th Cir. Sept. 29, 1999) (analyzing request for extension of time to file an appeal from denial of a § 2255 motion under Rule 4(a)(6)), Mr. Muldrow has not sought relief under § 2255 and, instead, has filed a motion to modify a term of imprisonment. This case, then, is clearly a criminal case to which Rule 4(a)(6) does not apply. *See U.S. v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003) (a motion to modify a term of imprisonment pursuant to § 3582 is "a continuation of the prior criminal proceeding" and, thus, the rules governing appeals in criminal cases set forth in Fed. R. App. P. 4(b) apply despite fact that district court docketed motion as a civil proceeding).

Under the pertinent rules applicable to appeals in criminal cases, Mr. Muldrow had 10 days to file his notice of appeal from the court's October 27, 2005 order. *See* Fed. R. App. P.

4(b)(1)(A)(i); *Espinosa-Talamantes*, 319 F.3d at 1246 (ten-day period set forth in Rule 4(b)(1)(A) applies to appeal from order denying motion to modify a term of imprisonment). Mr. Muldrow, then, was required to file his notice of appeal no later than November 10, 2005. *See* Fed. R. App. P. 26 (in calculating 10-day window for filing notice of appeal, court excludes weekends and legal holidays). Mr. Muldrow asserts that he placed his notice of appeal in the mail on November 14, 2005. Mr. Muldrow's notice, then, was untimely filed regardless of the Postal Service's inability to deliver the notice and its return of the notice to Mr. Muldrow. *See U.S. v. Vogl*, 374 F.3d 976, 981 (10th Cir. 2004). Stated another way, Mr. Muldrow's notice of appeal would have been untimely filed even if he had placed the correct address on the envelope and even if the envelope had been delivered to the court.

Under Rule 4(b)(4), the court may extend the time to file a notice of appeal for an additional thirty days upon a finding of excusable neglect or good cause. However, the extension may not exceed "30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). As noted above, Mr. Muldrow was required to file his notice of appeal by November 10, 2005. His request for an extension of time, filed in February 2006, falls well outside the 30-day extension period and the court cannot grant an extension of time. *See U.S. v. Phillips*, 2002 WL 1803851 (10th Cir. Aug. 7, 2002) (district court was "undoubtedly correct" when it concluded that it could not extend the time for an appeal past the thirty days allowed in Rule 4(b)(4)). Mr. Muldrow's motion, then, is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Muldrow's motion to reopen

time to file an appeal (doc. 184) is denied.

**IT IS SO ORDERED** this 22nd day of March, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge