UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

    v.            Case No. 92-20063-02-JWL

**Lealon Muldrow,**

   **Defendant.**

_____

## MEMORANDUM AND ORDER

This matter comes before the court on Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  On February 24, 1993, a jury found Lealon Muldrow guilty of possession with intent to distribute 4.29 kilograms of crack cocaine.  Mr. Muldrow's base offense level was 38.  A two-level enhancement was added because the offense occurred within 1,000 feet of a school.  Another two-level enhancement was added pursuant to U.S.S.G. § 3C1.1 for Obstruction of Justice.  When combined with his Criminal History Category of V, Mr. Muldrow's sentencing range was 360 months to life in prison.  Mr. Muldrow was sentenced to 360 months in prison.  Mr. Muldrow now moves the court to reduce his sentence in light of Guideline Amendment 706, and requests a resentencing under *United States v. Booker*, 543 U.S. 220 (2005) and its progeny, and *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007).  For the reasons stated herein, his motion is denied.

18 U.S.C. § 3582(c)(2) provides that "a court may not modify a term of imprisonment once it has been imposed except that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission…the court may reduce the term of imprisonment…if such a reduction is consistent with applicable policy statements."  The applicable policy statement is U.S.S.G. § 1B1.10(a)(2), which states that "a reduction in the defendant's term of imprisonment is not consistent with this policy statement…if an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

Mr. Muldrow is not entitled to a sentence reduction under Amendment 706 because Amendment 706 does not affect his guideline range.  A reduction in the defendant's term of imprisonment is not appropriate unless an amendment listed in subsection (c) has the effect of lowering the defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).  Amendment 706 is listed in subsection (c).  However, Mr. Muldrow was convicted of conspiracy to distribute 4.29 kilograms of crack cocaine.  Under the amended crack cocaine guideline, conspiracy to distribute 4.29 kilograms has a base offense level of 36, making Mr. Muldrow's total offense level 40.  When combined with his criminal history category of V, Mr. Muldrow's sentencing range remains 360 months to life in prison.  Thus, Amendment 706 does not change Mr. Muldrow's guideline range.  His request to reduce his sentence pursuant to Amendment 706 is denied for that reason.

Mr. Muldrow is also not entitled to a resentencing based on the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) or its progeny. Although *Booker* made the Sentencing Guidelines advisory and not mandatory, they are entitled to great weight.  They are persuasive authority of the highest order and reflect years of research, experience, and represent society's collective wisdom about how to achieve the purposes of sentencing.  Moreover, although the Ninth Circuit allows for a resentencing hearing in light of the *Booker* decision, *United States v. Hicks*, 472 F.3d 1167, 1171 (9th Cir. 2007), a majority of courts reject the argument that *Booker* applies to a §3582(c)(2) proceeding.  *See United States v. Price*, 438 F.3d 1005, (10th Cir. 2006); United *States v. Wise*, 2008 WL 361089 (3rd Cir. Feb. 12, 2008); *Anderson v. United States*, 2007 WL 2050916 (11th Cir. July 18, 2007); *United States v. Hudson*, 2007 WL 2719867 (4th Cir. Sept. 19, 2007); and *United States v. Swint*, 2007 WL 2745767, *2, n.1 (3rd Cir. Sept 21, 2007).  The court does not believe it is appropriate to revisit the propriety of the original sentencing decision because the guidelines are now advisory instead of mandatory.  Mr. Muldrow's request for a sentence recalculation in light of *Booker* is denied for that reason. [1]

---

[1] Mr. Muldrow is also not entitled to a sentence reduction in light of *United States v. Booker*. The Tenth Circuit has already foreclosed that argument.  *See*, *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006).  That challenge would not be based on amendments to the Sentencing Guidelines, and therefore §3582(c)(2) is inapplicable.

**IT IS HEREBY ORDERED** that Mr. Muldrow's Motion to Reduce Sentence pursuant to §3582(c)(2) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 15th day of July, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
