## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**                                           **Case No: 92-20063-02-JWL**

**LEALON MULDROW,**

       **Defendant.**

### <u>ORDER</u>

The court has before it Lealon Muldrow's Motion Requesting Copy of Court Order and Equitable Tolling (Doc. 193). The court hereby orders that copies of the court's Memorandum and Order denying his Motion to Reduce Sentence (Doc. 192) be mailed to Mr. Muldrow both by regular mail and by certified mail with return receipt. The court further orders that Mr. Muldrow's time in which to file a notice of appeal is extended for 30 days.

In his Notice of Appeal (Doc. 194) as well as in the motion which is before the court, Mr. Muldrow alleges he did not receive a copy of the Memorandum and Order which denied his motion under 18 U.S.C. § 3582 (c)(2). He avers that he only learned of the court's ruling by viewing a copy of the docket sheet. Nothing in the record suggests that Mr. Muldrow is not accurate in this assertion. Certainly, then , he should have copies mailed to him both by regular and certified mail. Moreover, the court finds that these circumstances constitute good cause to grant Mr. Muldrow an extension of his time to appeal.

A motion to reconsider a sentence under 18 U.S.C. § 3582(c)(2) is a continuation of a

defendant's criminal proceeding and thus is subject to the 10-day filing period for a notice of appeal under Fed. R. App. P. 4(b)(10(A). *Espinosa-Talamantes,* 319 F.3d at 1246. Fed. R. App. P. 4(b)(4) states that a district court may extend that period for 30 days upon a finding of "excusable neglect or good cause." *Id.* "Good Cause" has been defined as follows:

> The good cause standard applies in situations in which there is no fault - excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.
>
> Thus, the good cause standard can apply to motions brought during the 30 days following the expiration of the original deadline. *If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension.*

Fed. R. App. P. 4(a)(5) advisory committee's notes (2002 Amendments) (emphasis suppled)[1]

Here, Mr. Muldrow did not receive the Memorandum and Order from which he seeks to appeal but only learned of the court's ruling through reviewing a copy of the docket sheet. Although Mr. Muldrow's motion is confusing as to when he received the docket sheet, the court infers that it was not until a point in time close to the filing of his motion, which was more than 10 days but less than 30 days after the court's ruling.  Accordingly, the court finds good cause and hereby extends his deadline to and including August 13, 2008, the day on which he filed his Notice of Appeal.

---

[1]Although the above cited committee notes specifically  addressed Fed. R. App. P. 4(a)(5), which governs appeals in civil cases, the 10th Circuit has held that the test for "excusable neglect" is the same in both the civil and criminal context, *U.S. v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004), and has suggested that the meaning of "good cause" is similarly transferable between criminal and civil cases. *See id.* at 1161 n.1 (citing civil case to define "good cause" in criminal context).

2

**IT IS SO ORDERED.**

Dated this 16th  day of September, 2008, at Kansas City, Kansas.

s/   John W. Lungstrum
John W. Lungstrum
United States District Judge
