# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEALON MUDROW, ) <br> ) <br> Defendant. ) <br> ) | Case No. 92-20063 |

## MEMORANDUM AND ORDER

Lealon Muldrow was convicted in 1993 of possessing cocaine base with the intent to distribute it. He received a 360-month prison sentence, which was affirmed on direct appeal. Since that time, he has filed numerous post-conviction motions including a petition under § 2255, a § 2241 habeas petition, and two § 3582 motions for a reduced sentence.

He has now filed a motion for a writ of audita querela (doc. 213)[1], along with a motion for appointment of counsel (doc. 212). He argues that his sentence is incorrect based on the legal reasoning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *United*

---

[1] The writ of audita querela is a direct action, essentially equitable in nature, contemplating a valid defense to the judgment, and absence of a legal remedy, including the right of appeal. *Oliver v. City of Shattuck*, 157 F.2d 150, 153 (10th Cir. 1946). It is "used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (brackets and internal quotation marks omitted).

*States v. Booker*, 543 U.S. 220 (2005), *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Spears v. United States*, 129 S. Ct. 840 (2008).

It is not entirely clear in this circuit whether a writ of audita querela may issue in the criminal context. *See, e.g.*, *United States v. Ballard*, No. 08-5172, 2009 WL 1489193, at *2 (10th Cir. May 27, 2009) (unpublished decision); *United States v. Salazar*, No. 04-20013, 2009 WL 2448868, at *5 (D. Kan. Aug. 10, 2009). The Tenth Circuit is clear, however, that "a writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *Torres*, 282 F.3d at 1245 (quotation and citation omitted).

Section 2255 is the "exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965). Mr. Muldrow identifies no reason why § 2255 would be inadequate to address these issues, and indeed he has raised some of these same issues in § 2255 petitions. And given that Mr. Muldrow has already filed § 2255 petitions, this request for relief would be a second or successive petition. But the mere fact that a petitioner is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate. *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). And a petitioner cannot "avoid the bar against successive § 2255 petitions by simply styling a petition under a different name," *Torres*, 282 F.3d at 1246.

Moreover, even if this court were to reach the merits of Mr. Muldrow's claims, he would not be entitled to relief. *Apprendi* and *Booker* are not retroactive. *United*

2

*States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002) (*Apprendi*); *United States v. Hollis*, 552 F.3d 1191, 1195 (10th Cir. 2009) (*Booker*). For the reasons that *Booker* is not retroactive, *Kimbrough* likely is not either. *United States v. Veale*, No. 03-CR-167, 2008 WL 619176, at *3 (N.D.N.Y. Mar. 3, 2008) ("neither *Booker* or *Kimbrough* have been held to apply retroactively"); *United States v. Felipe*, No. 05-711-1, 2008 WL 4601917, at *2 (E.D. Pa. Oct. 15, 2008) (reasoning that because *Booker* has consistently been held not to have retroactive effect, *Kimbrough* must also be interpreted not to have retroactive effect). And the Supreme Court's decision in *Spears* does not, as Mr. Muldrow asserts, categorically abolish the sentencing disparity between crack and cocaine. *Spears v. United States*, 129 S. Ct. 840, 843-44 (2009).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for a writ of audita querela (doc. 213) and his motion for appointment of counsel (doc. 212) are denied.

**IT IS SO ORDERED** this 13th day of October, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3