IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

v.                 Case No. 92-20063-02-JWL

**Lealon Muldrow,**

   **Defendant.**

## MEMORANDUM & ORDER

   This matter is before the court on Mr. Muldrow's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which Mr. Muldrow asks the court to reduce his sentence based on Amendment 591; Amendment 706 as further amended by Amendment 711; Amendment 750; and Amendment 782 to the United States Sentencing Guidelines. As will be explained, the court will deny without prejudice Mr. Muldrow's motion with respect to Amendment 782 and will forward that aspect of the motion to the Federal Public Defender's office. The court lacks the authority to revise Mr. Muldrow's sentence based on the other Amendments referenced by Mr. Muldrow in his motion and that portion of the motion is dismissed.

   The court begins with Mr. Muldrow's argument that he is entitled to a sentence reduction based on Amendment 591. Mr. Muldrow's presentence report reflects that Mr. Muldrow received a two-level enhancement under USSG § 2D1.2 because his drug offense occurred within 1000 feet of a public elementary school. Amendment 591, effective November 1, 2000, clarified that the enhanced penalties in § 2D1.2 apply only when the defendant is convicted of

an offense specifically referenced in § 2D1.2 and do not apply if the defendant has simply engaged in conduct described by that guideline. *See United States v. Ledesman*, 538 Fed. Appx. 836, 838-39 (10th Cir. 2013). Because Mr. Muldrow was convicted of an offense specifically referenced in § 2D1.2—namely, 21 U.S.C. § 860—Amendment 591 provides no relief to Mr. Muldrow. *See United States v. Verners*, 136 Fed. Appx. 142, 144 (10th Cir. 2005) (in light of conviction under 21 U.S.C. § 860, the enhanced penalties of § 2D1.2 applied identically to defendant's sentence both before and after Amendment 591; no relief available under § 3582(c).

The court also lacks the authority to reduce Mr. Muldrow's sentence based on Amendment 706 as further amended by Amendment 711 of the Guidelines. Indeed, Mr. Muldrow has already raised that issue before this court. In July 2008, the court determined that Amendment 706 had no bearing on Mr. Muldrow's sentence because Mr. Muldrow's sentencing range was unchanged by application of the Amendment such that he was ineligible for a reduction under § 3582(c). The Tenth Circuit expressly affirmed that decision. *See United States v. Muldrow*, 306 Fed. Appx. 427, 428-29 (10th Cir. 2009). This court, then, cannot consider that argument.

Mr. Muldrow also seeks relief pursuant to Amendment 750 to the Guidelines—an issue that Mr. Muldrow previously raised in a pro se motion. After the filing of that motion, Mr. Muldrow consulted with the Federal Public Defender, who entered an appearance at that time and moved to withdraw Mr. Muldrow's pro se motion. As suggested in the motion, the Federal Public Defender explained to Mr. Muldrow the operation of the sentencing guidelines in light of Amendment 750 as applied to his case such that withdrawal of the motion was appropriate. The court granted the motion to withdraw Mr. Muldrow's motion for relief based on Amendment

750. In his present motion, Mr. Muldrow has not shown how Amendment 750 provides relief to him. He contends that his base offense level under Amendment 750 would be 36 as opposed to 38. Even so, Amendment 750 would have no effect on the enhancements received by Mr. Muldrow—a 2-level enhancement for obstruction of justice and then 2-level enhancement for conducting drug activities near a school—which together would have brought his base offense level to 40. When combined with his criminal history category of V, an offense level of 40 would have resulted in a sentencing range of 360 months to life in prison—the same range as it was without application of Amendment 750. Mr. Muldrow, then, is not eligible for relief under § 3582(c).

Finally, the court turns to the motion as it relates to Amendment 782, which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table. On July 18, 2014, the United States Sentencing Commission voted to apply Amendment 782 retroactively to those offenders currently in prison, but with a requirement that the reduced sentences cannot take effect until November 1, 2015. The Honorable J. Thomas Marten of the District of Kansas has appointed the Office of the Federal Public Defender to represent any defendant previously determined to have been entitled to appointment of counsel, or who is now indigent, to determine whether that defendant may qualify for relief under Amendment 782. The record reflects that Mr. Muldrow may be entitled to have the Federal Public Defender represent him to determine in the first instance whether Mr. Muldrow qualifies for relief under the amendment. In light of these circumstances, the court believes that the most efficient way to resolve the issue raised by Mr. Muldrow is to forward Mr. Muldrow's motion (along with a copy of this order) to the Office of the Federal Public Defender for an initial determination of

whether Mr. Muldrow qualifies for representation and is entitled to a reduction in his sentence in light of the amendment. In the meantime, the court will deny Mr. Muldrow's motion without prejudice to refiling the motion on or after February 2, 2015 if the Office of the Public Defender declines to seek relief for Mr. Muldrow under Amendment 782.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Muldrow's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 229) is denied without prejudice to refiling on or after February 2, 2015 with respect to the Amendment 782 issue and is otherwise dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk of the Court shall forward to the Office of the Federal Public Defender a copy of this order along with a copy of Mr. Muldrow's pro se motion for reduction of sentence.

**IT IS SO ORDERED.**

Dated this 8th day of December, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge